**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ABRAHAM WEGH,** on behalf of himself and all other similarly situated consumers,<br><br>Plaintiff,<br><br>-against-<br><br>**MIDLAND CREDIT MANAGEMENT, INC**., **MIDLAND FUNDING, LLC**, and **ENCORE CAPITAL GROUP, INC.**,<br><br>Defendants. | **Civil Action No.**<br>**1:15-cv-01648-KAM-JO** |

**ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC AND ENCORE CAPITAL GROUP, INC.**

Defendants, Midland Funding, LLC ("MF"), Midland Credit Management, Inc. ("MCM") and Encore Capital Group, Inc. ("ECG") (collectively referred to herein as "Midland") by and through their undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby submit this Answer with Affirmative Defenses to Plaintiff Abraham Wegh's ("Plaintiff") Complaint, stating as follows:

**Answer to Introduction**

1. Admitted in part and denied part. Midland admits that Plaintiff has brought this action premised on claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692a *et seq.* ("FDCPA"). Midland denies any liability or wrongful illegal practices under the FDCPA or otherwise.

**Answer to Parties**

2. Denied. Midland lacks sufficient knowledge, information or belief as to whether Plaintiff is a citizen of the State of New York and whether he resided in this District at all times relevant to this litigation. Midland leaves Plaintiff to his proofs.

3. Admitted in part and denied in part. Midland admits, and MCM's records reflect, that in March of 2014, MCM began its efforts to collect Plaintiff's valid and delinquent debt obligation. Midland denies the remaining allegations in this paragraph as Midland lacks sufficient knowledge and information to form a belief as to whether Plaintiff is a "consumer" as the term is defined by Section 1692a(3).[1]

4. Admitted in part and denied in part. Midland admits that, at times, MCM is a "debt collector" as the term is defined by the FDCPA at 15 U.S.C. § 1692a(6).[2] Midland denies that MF is an affiliate of MCM. Midland denies that MCM was acting as a debt collector at all times relevant to the alleged acts giving rise to the present suit, as Midland lacks sufficient knowledge and information to form a belief as to whether Plaintiff's debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

5. Admitted. Midland admits that MCM is the debt servicer for MF, that it collects on debts for MF and that this activity is one of its principal areas of business.

---

[1] Plaintiff cites § 1692(a)(3), which does not exist and is likely a typographical error; Midland interprets the reference as one to 15 U.S.C. § 1692a(3).
[2] Plaintiff cites § 1692(a)(6), which does not exist and is likely a typographical error; Midland interprets the reference as one to 15 U.S.C. § 1692a(6).

6. Admitted. Midland admits that ECG is the parent company of MCM and MF.

7. Admitted in part and denied in part. Midland admits that MCM, MF and ECG maintain business offices in San Diego, California. Unless otherwise admitted, Midland denies the allegations in this paragraph.

8. Admitted in part and denied in part. Midland denies that ECG or MF engage in the collection of debts or are debt collectors subject to the FDCPA. Midland admits that, at times, MCM engages in the collection of debt for others and that it does so on a for-profit basis.

## Answer to Jurisdiction and Venue

9. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

10. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

## Answer to Allegations Particular to Abraham Wegh

11. Admitted in part and denied in part. Midland admits that, in March of 2014, MCM began its efforts to recover on Plaintiff's valid and delinquent debt obligation, a debt that was originally owed to Citibank, N.A., in an amount exceeding $5,045.00. Midland lacks sufficient knowledge and information to form a belief as to whether Plaintiff's debt obligation is a consumer debt and therefore denies same. To the extent that these allegations are directed to ECG or MF, Midland denies that either ECG or MF engaged in any debt collection activity. A factual basis for Plaintiff's information or belief is demanded of Plaintiff.

12. Admitted in part and denied in part. Midland admits that, MCM's records reflect that, on or about March 5, 2014, MCM sent Plaintiff a collection letter seeking to collect Plaintiff's valid and delinquent debt obligation, but denies that either ECG or MF engaged in any debt collection activity. Midland further denies that Plaintiff's debt was incurred for personal purposes as Midland lacks sufficient knowledge and information to form a belief as to whether Plaintiff's debt obligation was incurred for personal purposes and leaves Plaintiff to his burden of proof.

13. Admitted. Midland admits that Plaintiff and Midland agreed to a five days' notice to end the extension of the FDCPA's Statute of Limitations.

14. Admitted in part and denied in part. Midland admits that MCM's records reflect that the letter of March 5, 2014, was MCM's initial communication with Plaintiff but denies that ECG or MF issued any letters to Plaintiff (or that ECG or MF supervised, approved or had any input into the drafting or issuance of MCM's initial collection letter). A factual basis for these allegations as to ECG and MF is demanded of Plaintiff.

15. Denied. Midland denies the allegations in this paragraph and affirmatively states that Section 1692g(a) of the FDCPA is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied.

16. Denied. Midland denies the allegations in this paragraph and affirmatively states that MCM complied with all applicable law. Further responding, MCM's March 5, 2014 letter to Plaintiff effectively conveyed Section 1692g(a) rights

4

to Plaintiff. To the extent that this paragraph alleges that ECG or MF engaged in debt collection activities or violated the FDCPA, denied.

17. Denied. Midland denies the allegations in this paragraph and affirmatively states that MCM complied with all applicable law. Further responding, MCM's letter of March 5, 2014, states, in bold, capital letters, "**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**" and clearly provides the notice required under Section 1692g(a) of the FDCPA on the reverse side of the letter. To the extent that this paragraph alleges that ECG or MF engaged in debt collection activities or violated the FDCPA, denied.

18. Denied. MCM's letter of March 5, 2014, is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied.

19. Denied. MCM's letter of March 5, 2014, is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied.

20. Denied. MCM denies that its letter of March 5, 2014, provides the notice of rights provided under Section 1692g(a) of the FDCPA in an inconspicuous or unclear fashion and further avers that the letter is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied. Midland respectfully refers all questions of law to the Court.

21. Denied. MCM denies that the notice of rights provided pursuant to Section 1692g(a) of the FDCPA in its letter of March 5, 2014, is not prominent and denies that it is overshadowed by any other language in the letter. MCM further denies violating 15 U.S.C. § 1692g and respectfully refers all questions of law to the Court. To the extent that these allegations are directed to ECG or MF, Midland

5

denies that ECG or MF issued any letters to Plaintiff (or that ECG or MF supervised, approved or had any input into the drafting or issuance of MCM's initial collection letter). A factual basis for these allegations is demanded of Plaintiff.

22. Denied. Midland denies the allegations in this paragraph and affirmatively states that Section 1692g(b) of the FDCPA is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied.

23. Denied. Midland denies that a consumer would be left unaware as to his or her validation rights after reading MCM's letter of March 5, 2014. Further responding, *Harlan v. Transworld Sys.*, 2014 U.S. Dist. LEXIS 48150 (E.D. Pa. Apr. 8, 2014) is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied.[3] Midland respectfully refers all questions of law to the Court.

24. Admitted in part and denied in part. Midland admits that MCM issues collection letters. To the extent that these allegations are directed to ECG or MF, Midland denies that ECG or MF mail collection letters and denies that ECG or MF engage in collection activity.

25. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of

---

[3] *Harlan* does not support Plaintiff's argument. To the contrary, *Harlan* underscores the fact that MCM's letter does not overshadow the validation notice and that MCM's 1692g(a) notice was effectively conveyed. In *Harlan*, it was not the mere presence of the 1692g notice on the back of the letter which caused the court to conclude that the validation notice was overshadowed; rather, the court stated, "the content of the front of the letter – especially when combined with the small form of the notice of validation rights and the reference thereto – is overshadowed by the content of North Shore's messages on the front of the letter." *Harlan*, 2014 U.S. Dist. LEXIS at *13. Plaintiff's reliance on *Harlan* as a basis to craft a viable claim against Midland wholly fails.

6

further response, Midland denies that MCM's March 5, 2014 letter was deceptive or misleading. The letter is a writing that speaks for itself and any characterization of the letter by Plaintiff in the hopes of crafting an FDCPA claim where no such claim exists, is therefore denied. Midland denies the remaining allegations in this paragraph.

26. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies that MCM's March 5, 2014 violates 15 U.S.C. §§ 1692e, 1692e(10), or 1692g, and denies that MCM violated the FDCPA and denies that it engaged in deceptive practices. To the extent that these allegations are directed to ECG or MF, Midland denies that ECG or MF mail collection letters and denies that ECG or MF engage in collection activity.

27. Admitted in part and denied in part. Midland admits that MCM's records reflect that MCM mailed a collection letter, dated March 5, 2014, to Plaintiff in the course of MCM's efforts to recover on Plaintiff's valid and delinquent debt obligation. To the extent that these allegations are directed to ECG or MF, Midland denies that ECG or MF mail collection letters and denies that ECG or MF engage in collection activity.

28. Denied. MCM's March 5, 2014 letter is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied.

29. Denied. MCM's March 5, 2014 letter is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied. Midland

denies violating any section of the FDCPA and respectfully refers all questions of law to the Court.

30. Denied. MCM's March 5, 2014 letter is a writing that speaks for itself and any description of same, in whole or in part, is therefore denied. Midland respectfully refers all questions of law to the Court. Further responding, MCM states that the letter clearly informs Plaintiff of his rights pursuant to 15 U.S.C. § 1692g regarding validation.

31. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

32. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

33. Denied. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies that MCM's letter has two different meanings regarding verification as the MCM letter effectively conveys the statutory validation rights to Plaintiff.

34. Denied. MCM denies that its March 5, 2014letter violates 15 U.S.C. § 1692e, 1692e(10) or 1692g(a)(4) or any other section of the FDCPA. A factual basis for these conclusory allegations is demanded of Plaintiff.

**Answer to First Cause of Action**

**(Alleged Violations of the Fair Debt Collection Practices Act
brought by Plaintiff on behalf of himself and the
members of a class, as against Defendants)**

35. No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference. To the extent that a response is deemed necessary, Midland incorporates its responses to paragraphs 1 through 34 as though fully set forth herein at length.

36. Admitted in part and denied in part. Midland admits that Plaintiff is attempting to assert both individual claims and claims on behalf of two putative classes. Midland denies that Plaintiff has articulated any basis for individual claims or class claims and denies liability.

37. Admitted in part and denied in part. Midland admits that Plaintiff seeks to represent a class of all persons residing in the State of New York who were sent a collection letter in substantially the same form as the letter that was sent to Plaintiff on or about March 5, 2014, and where the collection letters were sent to a consumer seeking payment of a personal debt owed to Citibank, N.A., where the letter was not returned by the postal service as undelivered, and where Plaintiff alleges that the letter violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692g. Midland denies that Plaintiff has articulated a viable individual claim, let alone a viable class claim, and denies that class treatment is appropriate, preferable or even plausible. Midland denies these allegations to the extent that they are directed to either ECG or MF.[4]

38. Admitted in part and denied in part. Midland admits that Plaintiff seeks to represent a class of all persons residing in the State of New York who were sent a collection letter bearing the letterhead of MCM, MF and ECG in substantially the

---

[4] Neither ECG nor MF issue collection letters.

9

same form as the letter that was sent to Plaintiff on or about March 5, 2014, and where the collection letters were sent to a consumer seeking payment of a personal debt owed to Citibank, N.A., where the letter was not returned by the postal service as undelivered, and where Plaintiff alleges that the letter violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692g(a)(4). Midland denies that any letterhead for MCM, MF and ECG together exists, as MF and ECG do not issue collection letters. Midland further denies that Plaintiff has articulated a viable individual claim, let alone a viable class claim, and denies that class treatment is appropriate, preferable or even plausible. Midland denies these allegations to the extent that they are directed to either ECG or MF.

39.     Denied. Midland denies that class treatment is appropriate, preferable or even plausible.

A.     Denied. The allegations in this subparagraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies Plaintiff's characterization as the letters at issue as "form collection letters" and denies that the classes, to the extent that they exist, are so numerous that joinder is impracticable. To the contrary, Plaintiff has expressly waived his right to serve as a class representative or to participate in a class action (such waiver also negates the participation of individuals in Plaintiff's theoretical classes) by virtue of the express language in the terms and conditions of Plaintiff's agreement with Citibank, N.A.' Sears-branded MasterCard. These terms are applicable to the

10

assignee of the account, MF, and, by extension, MCM. A factual basis to the contrary is demanded of Plaintiff.

B.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies that there are common questions of law and fact that predominate over questions affecting individual members of the putative class or that Midland violated the FDCPA.

C.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies these allegations as identification of putative class members is moot by virtue of class waivers attached to each Citibank, N.A., terms and conditions that are applicable to each theoretical class member.

D.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies that Plaintiff's claims are typical to a class and denies that any conduct of Midland gives rise to an individual FDCPA claim, let alone a class action claim.

E.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court. By way of further response, Midland denies that Plaintiff is an adequate class representative. To the contrary, Midland contends that Plaintiff is a plainly inadequate class representative as Plaintiff has waived the ability to serve as

a class representative or to participate in a class action per the express terms of the agreement giving rise to Plaintiff's debt obligation. Plaintiff's interests are plainly adverse and antagonistic to the interests of his theoretical class. A factual basis to the contrary of Plaintiff's waiver is demanded of Plaintiff. Furthermore, Midland is without sufficient information, knowledge, or belief to speak to the truth or falsity as to whether Plaintiff's counsel is experienced in class matters. Therefore, Midland denies these assertions and leaves Plaintiff to his proofs.

40. Denied. Midland denies the allegations set forth in this paragraph. To the contrary, class treatment is not only grossly inferior to individual treatment – it is negated by the plain fact that Plaintiff has expressly waived his ability to serve as a class representative or to participate in a class action by virtue of the terms and conditions in the agreement giving rise to his present debt obligation and because establishing whether any putative member of the proposed classes can participate requires an intensive and individualized inquiry into each individual's claims – and also is not appropriate. Additionally, class treatment would create gross inequities to those subjected to the classes (to the extent that such classes could exist). *See, e.g., Hyderi v. Wash. Mut. Bank, FA,* 235 F.R.D. 390 (N.D. Ill. 2006) ("Precedent teaches that the availability of statutory damages plus the ability to recover attorney's fees and costs provides substantial incentives to bring meritorious individual suits."); *see also,* 5 MOORE'S FEDERAL PRACTICE § 23.46[3][a] at 23-27 ("[I]f a claim is based on the law that permits the prevailing party to recover the cost of litigation ... a class action is less likely to be the superior method of proceeding").

Midland further responds that it is clear that individual prosecution of the claims presented would be superior to class treatment.

41. Admitted in part and denied in part. Midland admits that Plaintiff wishes to certify a class (though Plaintiff asserts there are two putative classes) pursuant to Rule 23(b)(3) of the Federal Rules of Procedure, but denies that certification of any class is viable or proper.

42. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Midland refers all questions of law to the Court.

**Answer to Alleged Violations of the Fair Debt Collection Practices Act**

43. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Midland incorporates its responses to Paragraphs 1 through 42 as though fully set forth herein at length.

44. Admitted in part and denied in part. Midland admits that Plaintiff is attempting to assert claims on behalf of himself and two putative classes, but denies that it violated the FDCPA and denies that certification of any class is appropriate.

**Answer to Prayer for Relief**

Admitted in part and denied in part. Midland admits that Plaintiff prays for relief, which includes a request for preliminary and permanent injunctive relief, statutory and actual damages, attorney fees and litigation expenses and costs. Midland denies that Plaintiff is entitled to any such relief, on either an individual or class basis (to the extent Plaintiff seeks class relief) in the absence of any viable

claim. Midland further denies that injunctive relief is available under the FDCPA as a matter of law.

### Answer to Demand for Jury Trial

Admitted in part and denied in part. Midland admits that Plaintiff requests a trial by jury. Midland denies that Plaintiff has a right to a jury trial absent any viable claims.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If Midland violated the FDCPA, which it denies, Plaintiff has incurred no actual damages or any ascertainable loss as a result of the purported violation by Midland.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to show any violation of the FDCPA and therefore is not entitled to attorneys' fees or costs.

### FOURTH AFFIRMATIVE DEFENSE

Midland did not violate 15 U.S.C. § 1692e because it did not use any false, deceptive or misleading representations or means in connection with the collection of any debt.

### FIFTH AFFIRMATIVE DEFENSE

A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. *See Anderson v. Granoff, Walker & Forlenza, P.C.*, No.

11 Civ. 4178 (DAB), 2012 U.S. Dist. LEXIS 64543, at *9-*10 (S.D.N.Y. March 27, 2012) (dismissing FDCPA claims where the debt was not incurred primarily for personal, family or household purposes); *Adymy v. Erie County Child Support Enforcement Unit*, 03-CV-0955E(Sc), 2006 U.S. Dist. LEXIS 25025, at *9-*10 (W.D.N.Y. May 2, 2006) ("In order to prevail in an FDCPA cause of action, plaintiffs must establish that the alleged 'debt' is covered by the [FDCPA]"). Plaintiff has not pleaded any facts demonstrating that the alleged debt at issue is a consumer debt.

**SIXTH AFFIRMATIVE DEFENSE**

Because MF and ECG do not collect or attempt to collect debts, Plaintiff has failed to plead viable claim under any section of the FDCPA, 15 U.S.C. § 1692 *et seq.*, against MF and ECG.

**SEVENTH AFFIRMATIVE DEFENSE**

MCM's March 5, 2014 letter, concerning Plaintiff's valid and delinquent Citibank, N.A., debt obligation, effectively conveyed the disclosures required under 15 U.S.C. § 1692g. As such, Plaintiff's claim pursuant to 15 U.S.C. § 1692g should be dismissed or withdrawn.

**EIGHTH AFFIRMATIVE DEFENSE**

As ECG and MF have no employees and do not mail letters to consumers or otherwise engage in debt collection activity, Plaintiff's claims against MF and ECG under Sections 1692e, 1692e(10), 1692g or 1692g(a)(4) lack any basis in fact and should be dismissed or withdrawn.

**NINTH AFFIRMATIVE DEFENSE**

In the event that Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000 per action. *Dunn v. Advanced Credit Recovery Inc.*, 2012 U.S. Dist. LEXIS 27205 (S.D.N.Y. Mar. 1, 2012); *Healy v. Midpoint Resolution Group, LLC*, No. 09 Civ. 117S, 2010 U.S. Dist. LEXIS 21865, 2010 WL 890996, at *3 (W.D.N.Y. Mar. 10, 2010); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 191 (W.D.N.Y. 1991).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Midland may be barred by the applicable statute of limitations and Midland affirmatively asserts this defense.

**ELEVENTH AFFIRMATIVE DEFENSE**

ECG is not a debt collector and is, therefore, not subject to the FDCPA. See *Schultz v. Portfolio Recovery Assocs., LLC*, No. 12-CV-2022-LRR, 2012 U.S. Dist. LEXIS 154620, *18-*21 (N.D. Iowa Oct. 29, 2012) (a publicly-traded parent company of a debt collector is not, by virtue of vicarious liability, a debt collector). Therefore, all claims against ECG must be dismissed as a matter of law, without regard to any claims against MCM.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff owes MF an undisputed amount in excess of $5,000. To the extent that Midland is obligated to the Plaintiff, Midland is entitled to a set off of the amount owed by Plaintiff to MF against any individual recovery by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action viable or practical. This is especially apparent where numerosity does not exist as both Plaintiff and his theoretical class members have waived their respective ability to proceed in a class action by the express terms of their respective agreements giving rise to their respective debts.

## FOURTEENTH AFFIRMATIVE DEFENSE

In the event that class certification is granted, Plaintiff has failed to show that he is adequate to serve as a representative of either class.

## FIFTEENTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.

## SIXTEENTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Declaratory or injunctive relief are not available remedies for claims under the FDCPA. *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293 (E.D.N.Y. 2005); *see Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004); *Sibley v. Fulton Dekalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) ("The thrust of the

17

[FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices.... Indeed, equitable relief is not available to an individual under the civil liability section of the Act"). Therefore, plaintiff's efforts to seek declaratory relief fails as a matter of law and that element of the prayer for relief should be withdrawn or dismissed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Midland denies class certification is appropriate as the putative classes consists of individuals that have waived their respective ability to participate in either class based on the express terms of their Citibank, N.A., credit agreements. Plaintiff himself has expressly waived his ability to serve as a class representative per the terms and conditions of his agreement with Citibank, N.A., which permits individual arbitration to:

### ARBITRATION

> ***PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.*** **IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES.**
>
> ***Agreement to Arbitration.*** Either you or we may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us (called "Claims").
>
> ....
>
> **What about debt collections?** We and anyone to whom we assign your debt will not initiate an arbitration proceeding to collect a debt from you unless you assert a Claim against us

18

>or our assignee. We and any assignee may seek arbitration on an individual basis of any Claim asserted by you, whether in arbitration or any proceeding, including in a proceeding to collect a debt. You may seek arbitration on an individual basis of any Claim asserted against you, including in a proceeding to collect a debt.

Midland elects mandatory, binding arbitration of Plaintiff's individual Claims. Therefore, this Complaint should be dismissed or withdrawn and Plaintiff must pursue his individual claims in private, mandatory binding arbitration against Midland.

**WHEREFORE**, Defendants Midland Credit Management, Inc., Midland Funding, LLC and Encore Capital Group, Inc. respectfully request that this Honorable Court enter judgment in their favor, dismissing Plaintiff's Complaint and granting any and all other relief as the Court deems just and equitable.

New York, New York
Dated: June 8, 2015

                           **MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

                By:         /s/
                     Matthew B. Johnson (MJ 1622)
                     Attorneys for Defendants Midland Credit
                     Management, Inc., Midland Funding, LLC and
                     Encore Capital Group, Inc.
                     Wall Street Plaza
                     88 Pine Street, 21st Floor
                     New York, New York 10005
                     Ph: 212.376.6433
                     MBJohnson@mdwcg.com

TO:    Adam J. Fishbein
         Adam J. Fishbein, P.C.
         483 Chestnut Street
         Cedarhurst, NY 11516
         516.791.4400